**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORINDO DORIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXSCIENTIA P.L.C., ANDREW HOPKINS, BEN R. TAYLOR, and DAVID NICHOLSON,<br><br>Defendants. | No.: 1:24-cv-05692-RMB-AMD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF FRANK CAMPANILE TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>CLASS ACTION<br><br>**Motion Date: August 5, 2024** |

[Additional caption on next page]

i

| | |
|---|---|
| FRANK CAMPANILE, Individually and on Behalf of All Others Similarly Situated, | No. 1:24-CV-07181 |
| | CLASS ACTION |
| Plaintiff, | |
| v. | |
| EXSCIENTIA P.L.C., ANDREW HOPKINS, BEN R. TAYLOR, and DAVID NICHOLSON, | |
| Defendants. | |

ii

## **TABLE OF CONTENTS**

BACKGROUND ..................................................................................................2

ARGUMENT .....................................................................................................4

   I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ....................4

   II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF ........................5

     A.  MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE6

     B.  MOVANT HAS THE LARGEST FINANCIAL INTEREST......................6

     C.  MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE ...................................................7

     D.  MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS ........................................................................9

   III.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED .10

CONCLUSION ................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Deering v. Galena Biopharma, Inc.*,
   No. 3:14-cv-00367-SI, 2014 WL 4954398 (D. Or. Oct. 3, 2014)............................1

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008)........................................................................8

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012).......................................................................1

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998).........................................................................8

*In re Vicuron Pharm., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) .....................................................................7, 8

**Statutes**

15 U.S.C. § 78u-4(a) ...........................................................................passim

**Rules**

Fed. R. Civ. P. 23 ............................................................................7, 9
Fed. R. Civ. P. 23 ...............................................................................9
Fed. R. Civ. P. 42 ...............................................................................6

Movant Frank Campanile ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a) consolidating the related actions as they involve common questions of law and fact and consolidation would promote judicial economy;

(b) appointing Movant as Lead Plaintiff for the Class of all persons or entities other than Defendants who purchased Exscientia's common stock or purchased Exscientia call options or sold put options during the Class Period, including any Exscientia common stock purchased or otherwise acquired in connection with the exercise of such options,[1] between March 23, 2022, and February 12, 2024, both dates inclusive

---

[1] The first-filed action, *Dorin v. Exscientia et al.*, No.: 1:24-cv-05692-RMB-AMD includes only purchasers of securities in its class definition. The later filed action, *Campanile. v. Exscientia et. al.,* No. 1:24-CV-07181, also includes those who purchased Exscientia call options or sold put options, or purchased or otherwise acquired Exscientia stock in connection with the exercise of such options. Because a more inclusive class period is favored at the lead plaintiff stage, we utilize the latter definition. *See Deering v. Galena Biopharma, Inc.*, No. 3:14-cv-00367-SI, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (recognizing that courts commonly select "most inclusive class period" at lead plaintiff stage); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-114 (E.D.N.Y. 2012) (court favoring a broader class which "encompasses more potential class members" early in the litigation at the lead plaintiff stage).

(the "Class Period"), seeking to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(a)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel.

## BACKGROUND

This action was filed on April 26, 2024, against Exscientia P.L.C., Andrew Hopkins, Ben R. Taylor, and David Nicholson, for violations under the Exchange Act. That same day, an early notice was issued pursuant to the PSLRA, advising class members of, *inter alia,* the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration").

Exscientia in an artificial intelligence ("AI") driven Pharma-tech company that engages in the design and development of differentiated medicines for diseases with high unmet patient needs.

According to the complaints, Defendants made materially false and/or misleading statements regarding the Company's business, operations, and prospects. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Defendant Hopkins had engaged in improper relationships with

2

employees that were inconsistent with the Company's standards and values; (2) Defendant Nicholson had prior knowledge of Defendant Hopkins's relationships and had improperly addressed Hopkins's misconduct without consulting the Board; (3) the Company's maintenance and enforcement of its Code of Business Conduct and Ethics was inadequate to safeguard against the foregoing conduct; (4) the foregoing failures subjected the Company to a heightened risk of disruptive leadership transitions and/or reputational harm; and (5) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On February 13, 2024, Exscientia issued a press release "announc[ing] that its Board of Directors (the 'Board') has decided to terminate the employment of [Defendant] Hopkins as the Company's [CEO] and Principal Executive Officer, and to remove Dr. Hopkins from his role as an Executive Director of the Board, in each case for cause and effective immediately." The press release further revealed that the Board's decision was taken following an investigation which found that Defendant Hopkins had "engaged in relationships with two employees that the Board determined were inappropriate and inconsistent with the Company's standards and values."

In addition, the press release indicated that during the course of the investigation, the Board learned that "[Defendant] Nicholson [. . .] had prior

3

knowledge of the existence of the earlier of Dr. Hopkins' relationships and had addressed the situation directly, and with the involvement of other outside counsel, rather than in consultation with the Board," and "[f]ollowing discussions with the Board, on February 12, 2024 Dr. Nicholson tendered his resignation from his positions with the Company."

On this news, Exscientia's stock price fell $1.72 per share, or 22.9%, to close at $5.79 per share on February 13, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## ARGUMENT

### I. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

4

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii) As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District and allege similar factual and legal grounds underlying violations of the Exchange Act by Defendants, which arise from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.    <u>MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF</u>

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a

notice . . .;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as representative of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In

6

assessing the largest financial interest, courts in the Third Circuit assess the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant lost approximately $40,089.00 in connection with his purchases of Exscientia securities. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in Exscientia securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact

7

common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and its claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about Exscientia's business and financial condition. Movant, as did all of the members of the class, traded in Exscientia's securities at prices artificially inflated by Defendants' misstatements and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative

8

parties be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability, and his desire, to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses that defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class. Movant lives in Canada. Movant studied engineering at the University of Toronto,

9

and currently runs his own firm in the advertising industry. Movant has been investing for over 20 years.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching Movant's and the Class's claims including filing this action and reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen Law's resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute

this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff; (3) approving Lead Plaintiff's selection of Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: June 25, 2024                Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen LR-5733
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of June, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


<u>/s/Laurence M. Rosen</u>